**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RANDY HAYES,

      Plaintiff,

v.                                                                                  No. 1:26-cv-01082-SCY

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT,
KIMBERLY IBARRA,
JAN TRUJILLO,
AMANDA ROMERO and
TROY GRAY,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 9, 2026 ("Complaint"), and Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 9,

2026 ("Application")

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or that the
> action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated that: (i) his average monthly income amount during the past 12 months is $0.00; (ii) his expected income amount next month is $0.00; and (iii) Plaintiff has no cash and no funds in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because he has no income.

**Order to Show Cause**

This case arises from the alleged "unlawful removal and detention of Plaintiff's minor child" by Defendants. Complaint at 7. It appears Plaintiff's claims arise from two proceedings: (i) "emergency custody proceedings" resulting in the removal of the child due to "imminent danger," Complaint at 8, ¶¶ 15-19; and (ii) subsequent detention of the child "despite findings of incompetency and without proper adjudication," Complaint at 8, ¶ 20. Defendants include the New Mexico Children, Youth and Families Department ("CYFD"), CYFD employees and a state district attorney. *See* Complaint at 7. Plaintiff asserts claims for due process violations,

"interference with family integrity," unlawful seizure and detention and conspiracy.  Complaint at 8-9.  Plaintiff seeks compensatory, declaratory and injunctive relief.  *See* Complaint at 9-12

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

First, it appears the Court lacks jurisdiction over Plaintiff's claims against CYFD and against the CYFD employees and the state district attorney in their official capacities due to Eleventh Amendment sovereign immunity.  "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)).  The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).  In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to

3

Plaintiff's claims against CYFD and against the CYFD employees and the state district attorney in their official capacities.  *See* Complaint at 8 ("Statement of Facts" indicating the actions giving rise to this case began "on or about June 13, 2024" but not alleging an ongoing violation of federal law), at 12 (stating "Plaintiff seeks injunctive relief to prevent ongoing and future violations" but not identifying the ongoing violations).

Second, the Complaint generally fails to state plausible claims due to the vague and conclusory nature of the factual allegations.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).  The allegations in the Statement of Facts refer to "Defendants" collectively and do not explain what *each* Defendant did to Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a

4

complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

Third, the Complaint does not allege sufficient facts to state a procedural due process claim. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"); *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing"). The Complaint does not allege facts showing the appropriate level of process due to Plaintiff or that Plaintiff was not afforded the appropriate level of process.

Fourth, the Complaint fails to state a plausible familial association claim.

The government's "forced separation of parent from child, even for a short time, represents a serious impingement" on a parent's substantive due process right to familial association. A familial association claim must be based on allegations of abusive government authority. A parent must allege "*intent* to interfere" with this right—that is, the state actor must have directed conduct at the familial relationship "with knowledge that the statements or conduct will adversely affect that relationship." Again, the right is not absolute, but must be weighed against the state's interest in protecting a child's health and safety. In conducting this balancing, courts consider the severity of the infringement on the protected relationship, the need for defendants' conduct, and possible alternative courses of action.

To state a claim, Ms. Doe must have alleged that (1) the Defendants intended to deprive her of her protected relationship with her daughter; and that (2) the Defendants either unduly burdened Ms. Doe's protected relationship or effected an "unwarranted intrusion" into that relationship.

5

*Doe v. Woodard*, 912 F.3d 1278, 1300-01 (10th Cir. 2019) (citations omitted).  The Complaint

makes vague statements that "Defendants failed to conduct a reasonable investigation," the child's

"removal was based on insufficient evidence and false or misleading representations,"

"Defendants obtained an emergency custody order claiming imminent danger without sufficient

factual basis," and Defendants "actions interfered with Plaintiff's parental rights and family

integrity without adequate procedural protections."  Those statements, while consistent with an

unwarranted intrusion in the relationship between Plaintiff and his child, are not sufficient to state

a plausible familial association claim.  To move Plaintiff's familial association claim from

conceivable or speculative to plausible requires additional allegations to show that Defendants'

removal of the child was unwarranted, for example by identifying the legal standard for a

reasonable investigation, the amount of information required for emergency custody proceedings

and removal, and the procedural protections due to Plaintiff.

Fifth, the Complaint fails to state plausible Section 1983 and civil conspiracy claims.

Plaintiff alleges:

> 36. Defendants acted jointly and in concert to deprive Plaintiff of his constitutional rights.
>
> 37. Each Defendant was aware of and participated in the unlawful conduct.

Complaint at 9.  While "allegations of a conspiracy may form the basis of a § 1983 claim, we

have also held a plaintiff must allege specific facts showing an agreement and concerted action

amongst the defendants because conclusory allegations of conspiracy are insufficient to state a

valid § 1983 claim."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010).  Plaintiff has

not alleged specific facts showing that Defendants agreed to deprive Plaintiff of his constitutional

rights and acted in concert to advance that goal.  *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th

Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts

showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants").  To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts."  *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 28; *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means").  The Complaint does not allege any facts showing that there was "an agreement to accomplish an unlawful purpose."

Sixth, it appears that Plaintiff's claims against Defendant District Attorney Troy Gray may be barred by prosecutorial immunity.  "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."  *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209 (10th Cir. 2022) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009).

The Court notifies Plaintiff that if the Court dismisses Plaintiff's federal law claims, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this case.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

7

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above.  If Plaintiff agrees with the Court's analysis regarding these deficiencies in his Complaint, rather than show cause, he may amend his Complaint. The amended complaint must identify all the state proceedings giving rise to this case including the case number, the state agency or state court where the proceedings occurred, and whether each proceeding is ongoing. The amended complaint also must comply with the Federal and Local Rules of Civil Procedure.

**Service**

Plaintiff is proceeding in forma pauperis pursuant to 42 U.S.C. § 1915 which provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) ("The court must [] order" "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). The Court will not order service at this time because the Court is ordering Plaintiff to show cause or file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 9, 2026, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**

10