**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RANDY HAYES,

        Plaintiff,

v.                                      No. 1:26-cv-01082-KG-SCY

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT,
KIMBERLY IBARRA,
JAN TRUJILLO,
AMANDA ROMERO and
TROY GRAY,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

This case arises from the alleged "unlawful removal and detention of *pro se* Plaintiff's minor child" by Defendants. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7, Doc. 1, filed April 9, 2026 ("Complaint"). It appears Plaintiff's claims arise from two proceedings: (i) "emergency custody proceedings" resulting in the removal of the child due to "imminent danger," Complaint at 8, ¶¶ 15-19; and (ii) subsequent detention of the child "despite findings of incompetency and without proper adjudication," Complaint at 8, ¶ 20. Defendants include the New Mexico Children, Youth and Families Department ("CYFD"), CYFD employees and a state district attorney. *See* Complaint at 7. Plaintiff asserts claims for due process violations, "interference with family integrity," unlawful seizure and detention and conspiracy. Complaint at 8-9. Plaintiff seeks compensatory, declaratory and injunctive relief. *See* Complaint at 9-12

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff of the following deficiencies in the Complaint:

(i)     It appears the Court lacks jurisdiction over Plaintiff's claims against CYFD and against the CYFD employees and the state district attorney in their official capacities due to Eleventh Amendment sovereign immunity.  *See* Order to Show Cause at 3-4, Doc. 5, filed April 21, 2026.

(ii)    The Complaint generally fails to state plausible claims due to the vague and conclusory nature of the factual allegations.  The allegations in the Statement of Facts refer to "Defendants" collectively and do not explain what *each* Defendant did to Plaintiff.  *See* Order to Show Cause at 4-5 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

(iii)   The Complaint does not allege sufficient facts to state a procedural due process claim because the Complaint does not allege facts showing the appropriate level of process due to Plaintiff or that Plaintiff was not afforded the appropriate level of process.  *See* Order to Show Cause at 5 (quoting *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?")).

(iv)    The Complaint fails to state a plausible familial association claim.  Judge Yarbrough notified Plaintiff that while the allegations in the Complaint are "consistent with an

unwarranted intrusion in the relationship between Plaintiff and his child" they are not sufficient to state a plausible familial association claim because the Complaint does not contain allegations showing that Defendants' removal of the child was unwarranted. Order to Show Cause at 5-6 (quoting *Doe v. Woodard*, 912 F.3d 1278, 1300-01 (10th Cir. 2019) ("To state a [familial association] claim, Ms. Doe must have alleged that (1) the Defendants intended to deprive her of her protected relationship with her daughter; and that (2) the Defendants either unduly burdened Ms. Doe's protected relationship or effected an "unwarranted intrusion" into that relationship")).

(v)  The Complaint fails to state plausible Section 1983 and civil conspiracy claims because the Complaint does not allege any facts showing that there was "an agreement to accomplish an unlawful purpose." Order to Show Cause at 6-7 (quoting *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants")).

(vi)  It appears that Plaintiff's claims against Defendant District Attorney Troy Gray may be barred by prosecutorial immunity.

Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above or file an amended complaint. *See* Order to Show Cause at 8, 10.

Plaintiff filed a "Response to Defendants' Motion to Dismiss" which the Court liberally construes as a Response to the Order to Show Cause because Plaintiff is proceeding *pro se* and Defendants have not appeared in this case. *See* Doc. 8, filed May 7, 2026 ("Response"). Plaintiff

3

did not file an amended complaint.  Plaintiff also filed his First Requests for Production of Documents to Defendants and a Motion to Compel Production of Documents.  *See* Doc's 6-7, filed May 7, 2026.

Plaintiff asserts that "Defendants knowingly submitted false or misleading information to justify removal and detention" and that "Government officials are not entitled to qualified immunity when they knowingly violate constitutional rights or fabricate evidence."  Response at 2. Plaintiff does not address Eleventh Amendment sovereign immunity or prosecutorial immunity.

Plaintiff argues that he has stated plausible claims for relief because:

Plaintiff's complaint provides specific factual allegations regarding:

> The timeline of events
> The individuals involved
> The actions taken under color of state law

These allegations are sufficient to proceed to discovery.

Response at 2.  Plaintiff has not, however, cited any authority showing he is not required to comply with the directive of the United States Court of Appeals for the Tenth Circuit that a complaint must explain what *each* Defendant did to Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff asserts he adequately alleged a due process claim because Plaintiff alleged that:

> The child was in a stable and known environment
> CYFD had prior knowledge of the family's circumstances
> No immediate danger existed

> These facts, if proven, establish that the removal violated due process protections.

Response at 2.

Plaintiff asserts he has alleged a violation of his familial association rights stating "Defendants interfered with this right by removing Plaintiff's child absent exigent circumstances

4

or evidence of imminent danger." Response at 1-2. Plaintiff has not identified any allegations in the Complaint showing that Defendants' removal of the child was otherwise unwarranted.

Plaintiff's Response does not address the absence of facts showing that there was an agreement to accomplish an unlawful purpose which are required to state a plausible conspiracy claim.

The Court dismisses this case because Plaintiff's Response does not show that the Court should not dismiss this case and Plaintiff has not filed an amended complaint that remedies the deficiencies identified by Judge Yarbrough. Because it is dismissing this case, the Court denies Plaintiff's motions for the production of documents.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)    The following motions are **DENIED:**

(a)     Plaintiff's First Requests for Production of Documents to Defendants, Doc. 6, filed May 7, 2026; and

(b)     Plaintiff's Motion to Compel Production of Documents, Doc. 7, filed May 7, 2026.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.